**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION**

NO. 5:11-CV-146-D

GWENDOLYN McGRADY,　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　　**MEMORANDUM &**
　　　　　　　　　　　　　　　　　)　　　**RECOMMENDATION**
　　　　　　　　　　　　　　　　　)
ROXIE AVE TREATMENT　　　　　　)
CENTER,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)
_____　)

　　　　This cause is before the Court upon Cumberland County Area Mental Health,

Developmental Disabilities and Substance Abuse Authority's ("CCMH") motion to

dismiss. (DE-9). Plaintiff has not responded to this motion, and the time for doing so has

expired. Accordingly, the matter is now ripe for adjudication. On August 22, 2011 the

matter was referred to the undersigned for the entry of a memorandum and

recommendation pursuant to 28 U.S.C. § 636. (DE-14).

　　　　*Pro se* Plaintiff filed her Complaint on May 18, 2011 alleging wrongful

termination and personal injury. (DE-6). The Civil Summons and Complaint were

addressed to "Roxie Avenue Treatment Center" and signed for by Delisa Davis as

indicated by Plaintiff's return of service. (DE's 7-8).

　　　　Under North Carolina law, CCMH is the body corporate and the entity

responsible for operating a facility at Roxie Avenue in Fayetteville, North Carolina.

CCMH is an area authority and local political subdivision of the State of North Carolina,

pursuant to N.C.G.S. § 122C-116. Defendant Roxie Avenue Treatment Center is not an independent legal entity. Therefore, CCMH seeks to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(7) of the Federal Rules of Civil Procedure. Those rules permit a party to assert the following defenses, respectively: lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to join a party under Rule 19. F.R.Civ.P. 12(b).

When challenged by a Rule 12(b)(2) motion, the plaintiff must prove the existence of personal jurisdiction by a preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). Likewise, with regard to a motion under Rules 12(b)(4) and 12(b)(5), "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C.2003). Absent valid service of process, a court does not acquire personal jurisdiction over the defendant and the action must be dismissed. Shaver Cooleemee Volunteer Fire Dept., 2008 WL 942560 (April 7, 2008 M.D.N.C.)(internal citations omitted).

By failing to respond to the instant motion, Plaintiff has failed to make the requisite showings and the instant motion to dismiss could be granted on that basis alone.

Moreover, Plaintiff's purported service on Delisa Davis fails to comply with the service requirements of Rule 4(j) of the Federal Rules of Civil Procedure. Rule 4(j) of the Federal Rules of Civil Procedure states:

(j) Serving a Foreign, State, or Local Government.

(1) Foreign State. A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

(2) State or Local Government. A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

F.R.Civ.P. 4(j).

CCMH notes that Ms. Davis was not a member, officer or director of CCMH or its chief executive officer at any time relevant to this action. (DE-10, pg. 4). Likewise, Ms. Davis was not an agent or attorney-in-fact authorized to accept service on behalf of CCMH. Therefore, Plaintiff has not complied with either Rule 4(j) of the Federal Rules of Civil Procedure or Rule 4(j) of the North Carolina Rules of Civil Procedure. *See*, Glover v. Farmer, 490 S.E. 2d 576, 577 (N.C. App. 1991); Sink v. Easter, 202 S.E. 2d 138, 143 (N.C. 1974). *See also*, Faircloth v. Sampson County Schools, 2010 WL 5173601 (December 10, 2010, E.D.N.C.). With regard to Rule 4(j) of the Federal Rules of Civil Procedure, Plaintiff failed to properly address and deliver a copy of the summons and Complaint to CCMH's chief executive officer. *See* Fed.R.Civ.P. 4(j). Similarly, Plaintiff did not comply with Rule 4(j) of the North Carolina Rules of Civil Procedure, which requires that service

3

accomplished by registered or certified mailing must be addressed to CCMH's officer, director, agent, or attorney-in-fact. *See*, N.C.R.Civ.P. 4(j)(5)c. *See also*, <u>Faircloth</u> at * 2 (noting that North Carolina law requires strict compliance with Rule 4(j)).

For these reasons, it is RECOMMENDED that CCMH's motion to dismiss (DE-9) be GRANTED and that Plaintiff's Complaint (DE-6) be DISMISSED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Thursday, September 01, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE

4